

FILED
AUG 17 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| FRED HUTCHINSON CANCER RESEARCH CENTER; ARGUS GENETICS, LLC; AND MARS, INC., § § § | Case No. 2:10-cv-00616-RAJ-TEM |
| Plaintiffs, § | |
| v. § | |
| BIOPET VET LAB, INC.; AND RADIO SYSTEMS CORPORATION D/B/A PETSAFE, § § § | |
| Defendants. | |

## STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION

On December 17, 2010, Fred Hutchinson Cancer Research Center ("FHCRC"); Argus Genetics, LLC ("Argus"); and Mars, Inc. ("Mars") (collectively, "Plaintiffs") filed their complaint against BioPet Vet Lab, Inc. ("BioPet"). On January 31, 2011, Plaintiffs filed their First Amended Complaint to add Radio Systems Corporation d/b/a PetSafe ("PetSafe") as a defendant. Plaintiffs allege that BioPet and PetSafe (collectively, "Defendants") infringe U.S. Patent No. 7,729,863 ("the '863 Patent").

In August, 2011, Plaintiffs entered into a confidential Settlement Agreement with BioPet to resolve this action as to BioPet.

NOW, THEREFORE, Plaintiffs and BioPet, having entered into a confidential Settlement Agreement, and BioPet, having consented to judgment as follows, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. With regard to Plaintiffs' claims against BioPet, this Court has jurisdiction over Plaintiffs and BioPet and the subject matter hereto, and venue is proper in this judicial district.

2. With regard to Plaintiffs' claims against BioPet, FHCRC is the owner of all right, title, and interest in and to, and Argus and Mars are the exclusive licensee and exclusively sublicensee, respectively, of, the '863 Patent, entitled "Methods and Materials for Canine Breed Identification," which was issued by the United States Patent and Trademark Office ("USPTO") on June 1, 2010.

3. With regard to Plaintiffs' claims against BioPet, Plaintiffs together have standing to sue for infringement of the '863 Patent.

4. On March 11, 2011, Judge Raymond Jackson preliminarily enjoined Defendants as follows:

> IT IS HEREBY ORDERED that Defendants, BioPet and PetSafe, refrain from infringing U.S. Patent No. 7,729,863 ("the '863 Patent") by using, selling, and/or offering to sell, directly or indirectly, the following: (1) DNA breed identification products, and (2) dog breed identification services associated with a DNA breed identification product.

5. BioPet has infringed one or more of the claims of the '863 Patent by using, selling, and/or offering to sell in the United States the dog breed identification services associated with their "DNA Breed Identification" products.

6. BioPet acknowledges that all of the claims of the '863 Patent are enforceable and are not invalid for all purposes, including any other action for infringement of the '863 Patent, even though the services alleged to infringe may be different. BioPet agrees not to assert any defense to patent infringement, including, but not limited to, non-infringement, laches, estoppel, non-joinder, mis-joinder, or patent-misuse in any action to enforce the terms of this Stipulated Consent Judgment and Permanent Injunction. BioPet agrees not to challenge the '863 Patent by, for example, initiating or participating in any reexamination or post-grant opposition proceeding

before the USPTO. For any reexamination proceedings Defendants have initiated before the USPTO prior to the signing of this consent judgment, BioPet agrees not to further participate in such reexamination proceeding. BioPet agrees not to request the stay of any enforcement of the Stipulated Consent Judgment and Permanent Injunction pending the resolution of any court, administrative, or regulatory proceeding, including, without limitation, proceedings before the USPTO, or the International Trade Commission.

7. The terms of this Stipulated Consent Judgment and Permanent Injunction shall apply until the earlier of: (a) the expiration of the '863 Patent; (b) a final, non-appealable ruling of invalidity or unenforceability by a court of competent jurisdiction holding that all claims of the '863 Patent are invalid and/or unenforceable; or (c) a final, nonappealable decision of unpatentability by the USPTO with regard to all claims of the '863 Patent.

8. BioPet (including its officers, directors, assigns, and successors), agrees that the preliminary injunction referenced in Paragraph 4 above is made permanent with regard to it, with regard to any present or future entities in which it has a controlling or ownership interest, and with regard to all persons or entities in active concert or participation with BioPet after entry of this Stipulated Consent Judgment and Permanent Injunction, except that BioPet is permitted to perform DNA breed identification services under certain conditions until December 15, 2011 pursuant to the separate confidential Settlement Agreement between the parties. In addition, BioPet (including its officers, directors, assigns, successors, any present or future entities in which it has a controlling or ownership interest, and all persons or entities in active concert or participation with BioPet after entry of this Stipulated Consent Judgment and Permanent Injunction), is hereby permanently enjoined and restrained from contributorily infringing and inducing infringement of the '863 Patent, including by the transfer to any third party of assets

such as databases, algorithms, and/or computer programs that BioPet (including its officers or directors) reasonably knows or should know will likely be used to perform DNA breed identification services for an end-customer located in the United States. It is understood that "selling" and "offering to sell" under this Stipulated Consent Judgment and Permanent Injunction includes all efforts to advertise DNA Breed Identification Products and Services on the Internet, including via Google's advertising programs (AdWords and AdSense) and any other forms of pay-per-click advertising.

9. Final judgment is hereby entered in favor of Plaintiffs.

10. All counts asserted by BioPet in its counterclaims are hereby dismissed with prejudice.

11. Plaintiffs and BioPet shall each bear their own costs and attorneys' fees.

12. This Court retains jurisdiction over this Stipulated Consent Judgment and Permanent Injunction and any applications with respect to enforcement of this Stipulated Consent Judgment and Permanent Injunction shall be directed to this Court.

IT IS SO ORDERED.

Dated: 8/16/11

Raymond A. Jackson
United States District Judge

Raymond A. Jackson
United States District Judge

Dated: *August 3*, 2011     FRED HUTCHINSON CANCER RESEARCH CENTER

By: _____
     Printed Name: Ulrich Mueller
     Title: Vice President
     Industry Relations & Clinical Research Support

Dated: _____, 2011     ARGUS GENETICS, LLC

By: _____
     Printed Name: _____
     Title: _____

Dated: _____, 2011     MARS, INC.

By: _____
     Printed Name: _____
     Title: _____

Dated: _____, 2011     FULBRIGHT & JAWORSKI LLP

By: _____
     Printed Name: _____
     Title: _____

COUNSEL FOR FRED HUTCHINSON CANCER RESEARCH CENTER; ARGUS GENETICS, LLC; AND MARS, INC.

Dated: _____, 2011     BIOPET VET LAB, INC.

By: _____
     Printed Name: _____
     Title: _____

Dated: _____, 2011     LAW OFFICE OF VAN R. IRION, PLLC

By: _____
     Van R. Irion

COUNSEL FOR BIOPET VET LAB, INC.

Dated: *August 3*, 2011       FRED HUTCHINSON CANCER RESEARCH CENTER

By: _____
Printed Name: Ulrich Mueller
Title: Vice President
Industry Relations & Clinical Research Support

Dated: *8/4*, 2011      ARGUS GENETICS, LLC

By: _____
Printed Name: Carl Weissman
Title: Manager

Dated: _____, 2011      MARS, INC.

By: _____
Printed Name: _____
Title: _____

Dated: _____, 2011      FULBRIGHT & JAWORSKI LLP

By: _____
Printed Name: _____
Title: _____

COUNSEL FOR FRED HUTCHINSON CANCER RESEARCH CENTER; ARGUS GENETICS, LLC; AND MARS, INC.

Dated: _____, 2011      BIOPET VET LAB, INC.

By: _____
Printed Name: _____
Title: _____

Dated: _____, 2011      LAW OFFICE OF VAN R. IRION, PLLC

By: _____
Van R. Irion

COUNSEL FOR BIOPET VET LAB, INC.

| | |
|---|---|
| Dated: _____, 2011 | FRED HUTCHINSON CANCER RESEARCH CENTER<br><br>By: _____<br>    Printed Name: _____<br>    Title: _____ |
| Dated: _____, 2011 | ARGUS GENETICS, LLC<br><br>By: _____<br>    Printed Name: _____<br>    Title: _____ |
| Dated: 8/3, 2011 | MARS, INC.<br><br>By: _____/s/_____<br>    Printed Name: FRANK MARS<br>    Title: PRESIDENT - MARS SYMBIOSCIENCE |
| Dated: _____, 2011 | FULBRIGHT & JAWORSKI LLP<br><br>By: _____<br>    Printed Name: _____<br>    Title: _____<br><br>COUNSEL FOR FRED HUTCHINSON CANCER RESEARCH CENTER; ARGUS GENETICS, LLC; AND MARS, INC. |
| Dated: _____, 2011 | BIOPET VET LAB, INC.<br><br>By: _____<br>    Printed Name: _____<br>    Title: _____ |
| Dated: _____, 2011 | LAW OFFICE OF VAN R. IRION, PLLC<br><br>By: _____<br>    Van R. Irion<br><br>COUNSEL FOR BIOPET VET LAB, INC. |

Dated: *August 3*, 2011

FRED HUTCHINSON CANCER RESEARCH CENTER

By: *[signature]*
Printed Name: Ulrich Mueller
Title: Vice President
Industry Relations & Clinical Research Support

Dated: *8/4*, 2011

ARGUS GENETICS, LLC

By: *[signature]*
Printed Name: Carl Weissman
Title: Manager

Dated: _____, 2011

MARS, INC.

By: _____
Printed Name: _____
Title: _____

Dated: *8/8*, 2011

FULBRIGHT & JAWORSKI LLP

By: *[signature]*
Printed Name: Gilbert A. Greene
Title: Attorney

COUNSEL FOR FRED HUTCHINSON CANCER RESEARCH CENTER; ARGUS GENETICS, LLC; AND MARS, INC.

Dated: _____, 2011

BIOPET VET LAB, INC.

By: _____
Printed Name: _____
Title: _____

Dated: _____, 2011

LAW OFFICE OF VAN R. IRION, PLLC

By: _____
Van R. Irion

COUNSEL FOR BIOPET VET LAB, INC.

Dated: _____, 2011   FRED HUTCHINSON CANCER RESEARCH CENTER

By: _____
   Printed Name: _____
   Title: _____

Dated: _____, 2011   ARGUS GENETICS, LLC

By: _____
   Printed Name: _____
   Title: _____

Dated: _____, 2011   MARS, INC.

By: _____
   Printed Name: _____
   Title: _____

Dated: _____, 2011   FULBRIGHT & JAWORSKI LLP

By: _____
   Printed Name: _____
   Title: _____

COUNSEL FOR FRED HUTCHINSON CANCER RESEARCH CENTER; ARGUS GENETICS, LLC; AND MARS, INC.

Dated: 8/1, 2011   BIOPET VET LAB, INC.

By: [signature]
   Printed Name: James E. Simpson
   Title: President

Dated: 8/1, 2011   LAW OFFICE OF VAN R. IRION, PLLC

By: [signature]
   Van R. Irion

COUNSEL FOR BIOPET VET LAB, INC.

Dated: AUG 12, 2011

FRED HUTCHINSON CANCER RESEARCH CENTER; ARGUS GENETICS, LLC; AND MARS, INC.

By: _____
Christopher Alan Abel (VSB No. 31821)
Dawn L. Serafine, Esq. (VSB No. 48762)
Attorney for Fred Hutchinson Cancer Research Center; Argus Genetics, LLC; and Mars, Inc.
TROUTMAN SANDERS, LLP
150 W. Main Street, Suite 1600
Norfolk, Virginia 23510
Tel. 757.687.7535
Fax 757.687.1535
christopher.abel@troutmansanders.com
dawn.serafine@troutmansanders.com

Dated: AUG 12, 2011

BIOPET VET LAB, INC.

By: _____
Gregory N. Stillman (VSB #14308)
Brent L. VanNorman (VSB #45956)
Georgianna G. Ramsey (VSB #74409)
Counsel for BioPet Vet Lab, Inc.
HUNTON & WILLIAMS LLP
500 East Main Street, Suite 1000
Norfolk, VA 23510
Telephone: 757.640.5300
Facsimile: 757.625.7720
gstillman@hunton.com
bvannorman@hunton.com
gramsey@hunton.com